[792 NYS2d 326]

In the Matter of Steven F. Goldman, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 12, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Hinshaw & Culberton, LLP*, New York City (*Richard Supple* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Steven F. Goldman was admitted to the practice of law in the State of New York by the First Judicial Department on February 4, 1985. At all times relevant to these proceedings, respondent maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law. Respondent's affidavit complies with section 603.11 in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that the Committee is investigating complaints of professional misconduct against him, and (3) if charges were brought predicated upon those complaints, he would be unable to successfully defend himself (*see* 22 NYCRR 603.11 [a] [1]-[3]). Specifically, he acknowledges that the disciplinary investigation involves complaints that between December 17, 2001 and January 16, 2002, respondent received settlement monies on behalf of four clients, which funds he withdrew without his clients' knowledge or consent and used for his own purposes, before remitting those funds to the clients. Further, he failed to retain full records for three separate attorney trust accounts.

In light of respondent's submission of an affidavit in full compliance with 22 NYCRR 603.11 (a), the Committee's motion is granted.

Accordingly, respondent's resignation from the practice of law should be accepted, and his name stricken from the roll of attorneys.

MAZZARELLI, J.P., ANDRIAS, SAXE, MARLOW and WILLIAMS, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York effective May 12, 2005, as indicated.